This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, NA**
**as Trustee,**

     Plaintiff-Appellee,

v.                                **NO. 31,135**

**ROBERT JONES a/k/a**
**ROBERT S. JONES**,

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Little & Dranttel, P.C.
Elizabeth Dranttel
Cody Lujan
Albuquerque, NM

for Appellee

Aequitas Law, LLC
Albert L. Hutchinson, Jr.
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Robert Jones appeals from the foreclosure of his primary residence, raising two issues: (1) the district court erred in determining there was no genuine issue of material fact regarding the assignment of the note to Wells Fargo Bank, and (2) the district court erred in allowing the mortgage foreclosure to be confirmed where Wells Fargo acted inequitably. This Court issued a calendar notice proposing summary affirmance. Jones filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we affirm.

Jones contends that the district court erred in granting summary judgment where there was a genuine issue of material fact regarding the assignment of the note to Wells Fargo. In this Court's calendar notice, we proposed to conclude that Wells Fargo had made a prima facie showing that the note had been assigned to it, and that Jones had failed to raise a genuine issue of material fact. Specifically, we pointed out that Argent Mortgage Company had submitted a document assigning the mortgage to Wells Fargo which was signed by an assistant secretary under the statement "Argent Mortgage Company, LLC by Barclays Capital Real Estate Inc., DBA Homeq Servicing Attorney in Fact." [DS 4; RP 45] That document was notarized, and the signatory swore to have executed the document in her authorized capacity. [RP 45] We proposed to conclude that this documentation was sufficient to establish a prima facie showing by Wells Fargo that the mortgage had been assigned to it by Argent.

2

Relying on the burdens established by our summary judgment standard, we suggested that because Jones had not made any affirmative showing that the signatory was not authorized to sign on Argent's behalf, Jones had not demonstrated a genuine issue of material fact. *See Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) ("The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (citation omitted)); *Schwartzman v. Schwartzman Packing Co.*, 99 N.M. 436, 441, 659 P.2d 888, 893 (1983) ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant.").

Jones has responded by stating that he cannot prove a negative fact and that he is "timely and properly question[ing] [Wells Fargo's] standing to bring this suit at all." [MIO 4] Although Jones questions this Court's proposed holding requiring that he come forward with some evidence to rebut Wells Fargo's prima facie showing that the assignment was valid, the production of such evidence is necessary to raise a genuine issue of material fact. Speculation, alone, is insufficient to defeat summary judgment before the district court and is insufficient to support reversal on appeal. To the extent

Jones contends he is challenging Wells Fargo's standing to bring suit, we understand Jones's standing argument to raise the same concern—the validity of the assignment. Because we conclude that Wells Fargo presented a prima facie showing of a valid assignment, and because that assignment provides Wells Fargo with standing to bring the present foreclosure action, we conclude that Jones's standing argument is unavailing. Accordingly, we propose to affirm the district court's grant of summary judgment in favor of Wells Fargo.

To the extent Jones continues to argue that the district court erred in confirming the sale of his property because Wells Fargo did not act equitably, we are unpersuaded. Jones argues that to permit foreclosure where he invested tens of thousands of dollars purchasing the property, and where the mortgage holders have missed out on several opportunities to be paid, would be unjust. [MIO 7-8] Jones relies on several cases for the general proposition that the doctrine of unclean hands can preclude the return of property and that inequitable actions can present a defense to a foreclosure action. [MIO 6-7] Jones specifically asks this Court to consider *Martinez v. Martinez*, 101 N.M. 88, 92, 678 P.2d 1163, 1167 (1984), in support of his argument that Wells Fargo should be equitably estopped from foreclosing on his property. In *Martinez*, our Supreme Court stated that it would "not enforce the forfeiture of a real estate contract when to do so would work an unfairness which

shocks the conscience of the court." *Id.* (internal quotation marks and citation omitted). In *Martinez*, the Court determined that enforcing the contract would be unfair where the buyer had not been given notice of default and a reasonable time for performance on the contract prior to forfeiture of the property. *Id.*

In the present case, Jones alleges Wells Fargo acted inequitably in causing delays and in offering him loan modifications he could not attain or that it later withdrew. [RP 134] Jones does not claim, however, that Wells Fargo failed to provide notice of his default or provide an opportunity to cure the default prior to foreclosure proceedings as was denied in *Martinez*. While such facts might support reversal, their absence compels us to conclude that Jones has not demonstrated a basis for reversal on appeal.

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**

5

_____

**MICHAEL E. VIGIL, Judge**